The Opinion and Award of Deputy Commissioner Haigh found plaintiff's injury compensable but left the award of compensation to plaintiff open for subsequent determination and further ordered the defendants to submit a Form 22 wage chart within 30 days. Thereafter a "Supplemental Opinion and Award" was to be issued. By stipulation of the parties, defendants submitted a Form 22 wage chart, however, the case had already been appealed to the Full Commission and no "Supplemental Opinion and Award" was ever issued. The Full Commission received the Form 22 wage chart as evidence in this case and find that there is sufficient evidence of record from which to decide all issues raised by the appeal and to further determine the Award in this case.
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Haigh, the additional evidence (Form 22) received by the Full Commission and the oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence and receive further evidence; however, upon reconsideration of the evidence, the Full Commission reach the same findings of fact and conclusions as the deputy commissioner, except as modified by adding Findings of Fact #9. Neither party has requested the Full Commission to rehear the parties and their representatives and the Full Commission, in their discretion, have determined that although there are grounds to receive into evidence the Form 22 wage chart, there are no good grounds in this case to rehear the parties. Accordingly, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner except as modified by adding Findings of Fact #9, vacating the "Order" and substituting in its place the "Award" herein.
The Full Commission find as facts and conclude as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. At the time of the alleged injury by accident giving rise hereto, the parties were subject to and bound by the provisions of the Workers' Compensation Act, with defendant employer regularly employing three or more employees, one of whom was plaintiff.
2. Aetna Casualty and Surety Company was the carrier on the risk.
3. The parties stipulated into evidence 337 paginated medical records and other records.
4. The parties stipulated that a Form 22 Wage Chart would be submitted subsequent to the hearing. To date, said Form 22 has not been received by the Commission.
* * * * * * * *
Based upon all of the competent, credible evidence of record, the Full Commission adopt the findings of fact found by the deputy commissioner as follows:
FINDINGS OF FACT
1. Plaintiff, who is 47 years old, began working for defendant employer in March 1990 as a cashier and, ultimately, as a floor supervisor whose duties included opening and closing the store, loading and unloading trucks, and doing payroll.
2. Plaintiff has a history of intermittent treatment for low back pain since 1979, including several hospitalizations. In addition, she sustained a back injury in February 1988 while working for Zayres which resulted in low back strain for which she was treated conservatively by Drs. Blomquist, Carter, and Dixon. By November 1988 she obtained maximum medical improvement therefrom and retained two percent permanent partial impairment of the back due to that accident for which she received workers' compensation benefits. In January 1989 she was involved in an automobile accident which caused neck pain as well as exacerbation of her preexisting back injury which she sustained at Zayres. She was treated conservatively by Dr. Blomquist from January 1989 through August 1989.
3. In late March or early April 1992 plaintiff experienced a non-employment related herniated disc at L4-5 on the right for which Dr. Aplington performed surgery in April 1992.
4. Plaintiff returned to work for defendant employer on August 5, 1992 working on the floor helping out for one day and she thereafter helped unload trucks and performed her regular job duties as a floor supervisor.
5. On August 25, 1992 while straightening around the cash register area at defendant employer, plaintiff lifted a box of batteries whereupon she experienced low back pain and right leg pain.
6. On August 26, 1992 plaintiff gave Dr. Aplington a history of feeling fine until the previous night at work when she picked up a box and felt severe pain in her right low back and right leg. Following conservative treatment and diagnostic laboratory testing, Dr. Aplington performed surgery on September 10, 1992 for treatment of recurrent herniated disc at L4-5 on the right with nerve root compression. Dr. Aplington ultimately had to perform a fusion at L4-5 in order to stabilize the disc and thereby reduce the pain. Said fusion surgery was necessitated by the recurrent disc herniation in August 1992.
7. On December 30, 1993 Dr. Aplington surgically removed a battery which had been implanted during the fusion surgery to stimulate bone production because the battery had become loose and was moving. As of the date of Dr. Aplington's deposition on February 21, 1994, plaintiff had not yet obtained maximum medical improvement from the disc herniation she sustained in August 1992 and the subsequent surgeries and she had not been released to return to work. Had plaintiff not sustained the recurrent disc herniation in August 1992, she would have sustained ten percent permanent partial impairment of the back due to the disc herniation which she sustained in late March or early April 1992.
8. Plaintiff sustained a specific traumatic incident of the work assigned which arose out of and in the course of her employment with defendant employer on August 22, 1992 and which resulted in recurrent disc herniation at L4-5 on the right and which had rendered her unable to earn any wages in any employment since that date.
9. Plaintiff's average weekly wage of $228.69 yields a compensation rate of $152.47.
* * * * * * * * *
Based on the foregoing findings of fact, the Full Commission conclude as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident by way of a specific traumatic incident of the work assigned which arose out of and in the course of her employment with defendant employer on August 22, 1992 and which resulted in a disabling back injury.
G.S. § 97-2(6).
2. As a result of the injury by accident of August 22, 1992, plaintiff was temporarily totally disabled from August 23, 1992 through February 21, 1994 for which she is entitled to compensation, at a rate to be later determined, from August 23, 1992 through February 21, 1994 and continuing thereafter for so long as she remains totally disabled and otherwise entitled to workers' compensation benefits. G.S. § 97-29.
* * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enter the following:
AWARD
1. Defendants shall pay to plaintiff temporary total disability compensation at the rate of $152.47 beginning August 23, 1993 through the date of hearing and continuing until further Order of the Industrial Commission. Amounts which have accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved in paragraph 3.
2. Defendants shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of her compensable injury for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief and will tend to lessen plaintiff's period of disability, when bills for the same shall have been submitted through defendant carrier to the Industrial Commission and approved by the Commission.
3. A reasonable attorney's fee of 25% of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follow: Twenty-five percent (25%) of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel. Consideration and designation of this attorney's fee contemplates that counsel for the plaintiff shall continue and is ORDERED to monitor the submission of medical expenses to defendants.
4. Defendants shall pay the costs due this Commission.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________________ COY M. VANCE COMMISSIONER
S/ ________________________ GREGORY WILLIS DEPUTY COMMISSIONER
BSB:md